# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. BRANTLEY,<br><br>        Petitioner,<br><br>   v.<br><br>R.E. LEWIS, Warden,<br><br>        Respondent. | Case No. SACV 14-0134-JGB (JEM)<br><br>AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Amended Report and Recommendation is submitted to the Honorable Jesus G. Bernal, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

On January 23, 2014, Christopher L. Brantley ("Petitioner"), a California state prisoner, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] Respondent filed a Motion to Dismiss

---

[1] Under the prison "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted); accord Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir.

the Petition as untimely on March 24, 2014.  Petitioner filed an Opposition on May 29, 2014, and a Supplemental Opposition on November 6, 2014.  Respondent filed a Supplemental Reply on November 19, 2014.

On December 1, 2014, the undersigned issued a Report and Recommendation finding that the Petition was untimely and recommending that the Motion to Dismiss be granted and this action dismissed with prejudice.  On April 16, 2015, Petitioner filed Objections to the Report and Recommendation ("Objections"), arguing inter alia that Petitioner's "criminal judgment did not become final until May 3, 2012[,]" because the appellate court remanded the case to the superior court for further proceedings. (Objections at 13-14.)

On May 1, 2015, the Court issued an Order directing Respondent to lodge with the Clerk a copy of any orders or other documents concerning the re-sentencing or sentence modification proceedings in the superior court following remand by the California Court of Appeal needed to adjudicate the issues presented by the pending Motion to Dismiss. (Docket No. 33.)

On May 7, 2015, Respondent filed a Reply to Petitioner's Objections and a Notice of Supplemental Lodging.

Having reviewed the parties' briefing, including the Motion to Dismiss, Opposition, and Objections, and the matters set forth in the record, the Court withdraws its previous Report and Recommendation and issues this Amended Report and Recommendation in its place.  For the reasons discussed herein, the Court recommends that the Motion to Dismiss be granted.

---

2000), cert. denied, 533 U.S. 941 (2001).  In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the day the petition was signed.  See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), cert. denied, 132 S.Ct. 286 (2011) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").  Here, regardless of whether Petitioner's habeas corpus petitions were filed within the limitations period, see infra; Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a petitioner must deliver the petition to prison officials within the limitations period), the Court will afford Petitioner the benefit of the mailbox rule.

**STATE COURT PROCEEDINGS**

Following a jury trial in Orange County Superior Court case number 08CF0409, Petitioner was convicted of torture (Cal. Penal Code § 206; Count 1), assault with a deadly weapon (Cal. Penal Code § 245 (a)(1); Count 2), false imprisonment by violence (Cal. Penal Code §§ 236, 237(a); Count 4), and domestic battery with corporal injury (Cal. Penal Code § 273.5(a); Count 5). The jury also found true, as to counts 2, 4, and 5, that Petitioner inflicted great bodily injury on a domestic partner (Cal. Penal Code § 12022.7(e)). The trial court found it true that Petitioner had three prior serious felony convictions and one prison prior. The court sentenced Petitioner to a total of 75 years to life in prison, plus an additional 63 years.[2] (Respondent's Lodged Document ("LD") 1; see LD 4.)

Petitioner filed an opening brief in the California Court of Appeal. (LD 2.) Respondent also filed a brief. (LD 3.) On June 9, 2011, the California Court of Appeal, affirmed Petitioner's convictions but ordered the sentence modified in case G042308. (LD 4 (ordering that Petitioner's sentence be modified due to the reversal of true findings on two alleged priors, and that the matter be remanded to the state superior court for consideration of whether the prosecution wanted to retry those allegations).)

Petitioner filed a petition for review in California Supreme Court ("CSC") case S194859. (LD 5.) On September 21, 2011, review was denied. (LD 6.)

At a May 3, 2012, hearing in the state superior court, the prosecution elected not to retry the case on the priors and the two alleged priors reversed by the appellate court were dismissed. (Respondent's Supplemental Lodged Document ("Supp. LD") 13.) An amended abstract of judgment was executed on August 8, 2012. (Supp. LD 14.)

On December 14, 2012, Petitioner constructively filed a petition for writ of habeas corpus in Orange County Superior Court case M-14574. (LD 7.) On January 15, 2013, the superior court denied the petition with stated reasons. Notably, the court ruled that the petition was not verified and untimely, and that some of the claims were barred by the

---

[2] The court of appeal ordered the original sentence modified. (See LD 4 at 25.)

3

appeal. The court also found Petitioner's ineffective assistance of counsel claims meritless. (LD 8.)

On March 14, 2013, Petitioner constructively filed a petition for writ of habeas corpus in California Court of Appeal case G048239. (LD 9.) On April 18, 2013, the petition was summarily denied. (LD 10.)

On July 5, 2013, Petitioner constructively filed a petition for writ of habeas corpus in CSC case S212007. (LD 11.) On January 15, 2014, the petition was summarily denied. (LD 12.)

On January 23, 2014, Petitioner constructively filed the instant Petition.

## **DISCUSSION**

**I.     The Applicable Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327, 329 (2007); 28 U.S.C. § 2244(d)(1). After the one-year limitations period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

To determine whether the pending action is timely, it is necessary to determine when AEDPA's limitations period began and ended. Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D), AEDPA's limitations period begins to run from the latest of: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

A habeas corpus claim can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must first determine whether a [claim] was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied. As a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is timely due to statutory tolling under § 2244(d)(2)." Id. Following this framework, the court begins its analysis with the relevant timeliness inquiry.

## II.     The Petition Is Facially Untimely.

### A.     The Petition Was Filed More Than One Year After Petitioner's Judgment Became Final And Is Untimely Under § 2244(d)(1)(A).

Under § 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A).

Here, the CSC denied review of Petitioner's petition for review on September 21, 2011. (LD 6). In most instances, direct review would have concluded on December 20, 2011, when the ninety day period for seeking review in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003, as amended Nov. 3, 2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

However, the California Court of Appeal reversed true findings on two alleged priors and remanded the matter for the trial court to give the prosecution an opportunity to establish a factual basis for the priors. Depending on whether the prosecution elected to retry the allegations, the appellate court directed the trial court to either dismiss the alleged priors and enter the sentence as modified by the appellate court or resentence Petitioner in

accordance with the appellate court opinion and the findings on the allegations. (LD 4 at 25-26.) On August 8, 2012, the Orange County Superior Court amended the sentence in accordance with the appellate court's mandate. (Supp. LD 14). Petitioner did not appeal from the Superior Court's sentence of August 8, 2012.

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001) (California conviction becomes final sixty days after petitioner was sentenced by the superior court, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086 (1999) (citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal from his re-sentencing, his direct review concluded no later than October 8, 2012, when the sixty-day period for filing a notice of appeal expired.[3] See, e.g., Rodriguez v. Perez, 2014 WL 6669073, at *3 (E.D. Cal. 2014); King v. Yates, 2009 WL 498135, at *2 (E.D. Cal. 2009). Under § 2244(d)(1)(A), therefore, the statute of limitations began to run the next day at the latest, on October 9, 2012, see Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)), and Petitioner had until no later than **October 8, 2013**, to file his federal habeas petition. See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir. 2007).

      B.    Petitioner Is Not Entitled To An Alternate Starting Date For The Start Of The Running Of The Statute Of Limitations.

In his Opposition, Petitioner appears to contend that the one-year AEPDA clock did not start running until he was supplied with the transcripts of the Marsden hearings conducted on June 20, 2008, August 22, 2008, and March 2, 2009, in the trial court.[4]

---

[3] October 7, 2012, the sixtieth day, was a Sunday.

[4] People v. Marsden, 2 Cal.3d 118 (1970).

(Opposition at 3-4.) In November 2011, Petitioner received a copy of his trial transcripts from his appellate counsel. (Opposition at 3, Exh. N.) At some point, Petitioner discovered that the transcripts for the Marsden hearings were missing. (Opposition at 3.) Petitioner wrote to appellate counsel and his supervisor seeking copies of the Marsden transcripts. (Opposition at 3, Exhs. P, Q, R (letters dated January 10, February 28, and March 20, 2012).) Petitioner then filed a motion to obtain copies of the Marsden hearing transcripts in the Orange County Superior Court, which was denied. (Opposition at 3, Exhs. T, U.) Petitioner's motion for reconsideration was also denied by the trial court. (Opposition at 3, Exh. V.) Petitioner subsequently filed a request for the Marsden hearing transcripts in the California Court of Appeal, which was granted on October 11, 2012, subject to payment of the shipping costs by Petitioner. (Opposition at 4, Exh. X.) Eventually, Petitioner obtained copies of the Marsden hearing transcripts free of charge from the California Court of Appeal in March 2013. (Opposition at 4, Exh. Y.) Petitioner appears to argue that the state courts' failure to provide the Marsden transcripts was a "state-created impediment" to seeking federal habeas relief. (See Opposition at 3-4.)

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]" 28 U.S.C. § 2244(d)(1)(B). A claim under this provision "must satisfy a far higher bar than that for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). On its face, § 2244(d)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. Id.; Shannon v. Newland, 410 F.3d 1083, 1088 n. 4 (9th Cir. 2005). Moreover, the petitioner will be entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if the impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." Ramirez, 571 F.3d at 1001. "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007).

1    Here, even assuming the state courts' failure to provide the Marsden transcripts until
2 March 2013 could be considered "State action" for purposes of § 2244(d)(1)(B), Petitioner
3 has failed to show that such action was "in violation of the Constitution or laws of the United
4 States" or that it prevented Petitioner from filing a habeas petition in any form, to any court.
5 See 28 U.S.C. § 2244(d)(1)(B); Ramirez, 571 F.3d at 1000-01.  First, since neither the
6 Constitution nor federal law provides prisoners with an absolute right to have transcripts
7 provided to them by a state so they may best prepare habeas petitions, see United States v.
8 MacCollom, 426 U.S. 317, 325-26 (1976) (plurality), Petitioner has not shown that the state
9 courts' delay in providing him with a copy of his Marsden hearing transcripts violated the
10 Constitution or federal law.  See, e.g., Dotson v. Uribe, 2011 WL 321003, at *3 (C.D. Cal.
11 2011).

12    Further, Petitioner failed to show that any acts or omissions of the state courts
13 prevented him from filing a habeas petition in any form, to any court.  Initially, Petitioner's
14 claim that appellate counsel failed to provide Petitioner copies of the Marsden hearing
15 transcripts appears unsupported by the record.  (See LD 8 at 6 (superior court order
16 rejecting petitioner's habeas corpus claim of ineffective assistance of appellate counsel
17 based on counsel's alleged failure to obtain Marsden hearing transcripts because the record
18 "plainly indicates that copies of reporters' transcripts of *Marsden* hearings . . . were part of
19 the record on appeal"); Opposition, Exh. W (letter from appellate counsel explaining that
20 Petitioner "has been sent all that I have" and explaining that Petitioner may have "failed to
21 discern the 'Marsden' transcripts, which are separate from the main body of transcripts");
22 see also "Declaration in Support of Petitioner's Pleading" ("Decl.") at ¶ 10 (Petitioner states
23 only that he "received the trial transcripts, yet did not *see* the Marsden transcripts")
24 (emphasis added).)  In any event, Petitioner has not shown that he needed the transcripts in
25 order to file habeas petitions in state or federal court.  Rather, since Petitioner was present
26 at the Marsden hearings, he had first-hand knowledge of any events at the hearings and did
27 not need a transcript "'to become aware of the events or occurrences which constitute [the]
28 ground[s] for [his] collateral attack.'"  MacCollom, 426 U.S. at 328 (quoting United States v.

Shoaf, 341 F.2d 832, 835 (4th Cir. 1964)). As lack of the Marsden transcripts was not an impediment that prevented Petitioner from filing a state or federal petition, he does not meet the high bar for a later commencement of the AEDPA limitations period under § 2244(d)(1)(B).[5] See Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (failure to provide petitioner with complete transcript did not prevent him from filing federal petition under § 2244(d)(1)(B) because transcript was not needed to raise claim in federal petition); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (noting that while the court understood "petitioner's desire to have a transcript before filing" a habeas petition, such possession "is not a condition precedent to the filing of such proceedings"); see, e.g., Machen v. Hill, 2013 WL 6839497, at *3-*4 (E.D. Cal. 2013) (lack of the Marsden transcript was not an impediment that prevented petitioner from filing a state or federal petition under § 2244(d)(1)(B) where petitioner was present at the Marsden hearing and any events at the hearing related to his ineffective assistance claim were known to him at that time); Dotson, 2011 WL 321003, at *4 (lack of hearing transcript did not prevent petitioner from filing his habeas petition under § 2244(d)(1)(B) when petitioner was present at the hearing and had firsthand knowledge of the events that took place at the hearing).

\* \* \*

Thus, Petitioner is not entitled to an alternate starting date for the start of the running of the statute of limitations. As set forth above, the last day to file a federal petition under § 2244(d)(1)(A) was October 8, 2013 and, absent tolling, the petition is untimely.

---

[5] To the extent Petitioner contends that he could not have filed his state habeas petitions without attaching a copy of his Marsden hearing transcripts, which in turn impacted his ability to file the instant Petition (see Opposition at 3-4), Petitioner's contention is unavailing. See People v. Duvall, 9 Cal.4th 464, 474 (1995) (California state habeas petitions should "include copies of *reasonably available* documentary evidence supporting the claim, including pertinent portions of . . . transcripts") (emphasis added). Because Petitioner was not required to attach a copy of his Marsden hearing transcripts to his state petitions if the transcripts were unavailable, Petitioner was not prevented from filing his state petitions before he obtained a copy of the transcripts. Thus, he is not entitled to a delay of the start of the statute of limitations under § 2244(d)(1)(B) for the time period in which he claims that he did not have a copy of the Marsden hearing transcripts. See Perez v. Cate, 2009 WL 5199409, at *3 (S.D. Cal. 2009) (a petitioner who did not receive a transcript was not entitled to a delayed start of the AEDPA statute of limitations under 2244(d)(1)(B) because "possession of a transcript is not a condition precedent to the filing of a habeas petition").

**III.     Petitioner Is Not Entitled To Statutory Tolling**.

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)). Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), cert. denied, 529 U.S. 1104 (2000),[6] so long as the petitioner did not unreasonably delay in seeking collateral relief. Carey v. Saffold, 536 U.S. 214, 225 (2002). The statute of limitations, however, is not statutorily tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 180-82 (2001) (pending federal habeas petition does not statutorily toll limitation period).

When "the state court reject[s]" a petition for post-conviction relief "as untimely, it [is] not 'properly filed'" and does not toll the limitations period, even if the merits are also considered. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 417 (2005); see White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (statutory tolling "is unavailable where a state habeas petition is deemed untimely under California's timeliness standards") (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)). This is so because state "time limits, no matter their form, are 'filing' conditions" that "go to the very initiation of a petition and a court's ability to consider that petition." Allen, 552 U.S. at 5-6 (internal quotation marks and citation omitted; emphasis omitted) (untimely state petition does not toll section 2244(d)(1) even if state time limit contains element of "discretion" or operates as an "affirmative defense").

Here, Petitioner filed a state habeas corpus petition in the Orange County Superior Court on December 14, 2012 (LD 7), and the superior court denied the petition on January 15, 2013. (LD 8.) However, the Court agrees with Respondent that the December 14,

---

[6] Nino was overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008), cert. denied, 555 U.S. 967 (2008).

10

1    2012, habeas petition to the Orange County Superior Court did not statutorily toll the
2    limitations period. (Motion to Dismiss at 4-5.) The Orange County Superior Court denied
3    the December 14, 2012, petition as untimely stating, "The petition is therefore denied on the
4    procedural basis of delay", citing inter alia In re Clark, 5 Cal. 4th 750, 765 (1993). (LD 18);
5    see Walker v. Martin, 131 S.Ct. 1120, 1124-25 (2011) (a citation to Clark, 5 Cal. 4th at 765,
6    at the cited pinpoint page signifies that the court deems the petition to be untimely). As
7    such, the December 14, 2012, habeas petition was not properly filed and therefore did not
8    toll the federal statute of limitations. See Pace, 544 U.S. at 413-14, 417; White, 601 F.3d at
9    884; Allen, 552 U.S. at 5-6.
10          Moreover, because both the California Court of Appeal and the CSC denied
11   Petitioner's habeas petitions without comment or citation to authority (LD 10, 12), the court
12   "looks through" the unexplained decisions of the California Court of Appeal and the CSC to
13   the last reasoned decision of the Orange County Superior Court as the basis for the state
14   courts' judgments. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005); Shackleford v.
15   Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000), citing Ylst v. Nunnemaker, 501 U.S.
16   797, 803-04 (1991). The petitions before the Court of Appeal and the CSC are thus
17   assumed to be denied on the same untimeliness ground that the Superior Court held in its
18   reasoned opinion. See, e.g., Goodridge v. Subias, 2010 WL 1286870, at *3 n. 6, *4 (E.D.
19   Cal. 2010). As such, the habeas petitions to the California Court of Appeal and the CSC
20   were not properly filed and could not toll the federal statute of limitations. See Pace, 544
21   U.S. at 413-14, 417; White, 601 F.3d at 884; Allen, 552 U.S. at 5-6.
22          In sum, Petitioner did not have a properly filed petition pending in state court at any
23   time before October 8, 2013, and he is not entitled to statutory tolling.
24   **IV.    Petitioner Is Not Entitled To Equitable Tolling; Alternatively, Equitable
             Tolling Does Not Render The Petition Timely.**
25
26          AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases."
27   Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling
     only if he shows (1) that he has been pursuing his claims diligently, and (2) that some
28

extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted); see also Lawrence, 549 U.S. at 336. "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959 (internal quotation marks and citations omitted).

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 558 U.S. 897 (2009) (internal quotation marks, brackets and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Mendoza, 449 F.3d at 1068 (internal quotation marks and citation omitted); accord Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).

First, Petitioner claims he is entitled to equitable tolling for the period of time that the trial courts and/or appellate counsel failed to provide him with the Marsden hearing transcripts. (Opposition at 3-4.) There is no merit to these contentions. As an initial matter, as set forth above, Petitioner's claim that appellate counsel failed to provide Petitioner copies of the Marsden hearing transcripts appears unsupported by the record. (See LD 8 at 6; Opposition, Exh. W; see also Decl. at ¶ 10.) Moreover, even assuming Petitioner failed to obtain a copy of the transcripts prior to March 2013 and such failure constituted extraordinary circumstances, Petitioner has still failed to show that the lack of Marsden hearing transcripts caused him to file the Petition late. As stated above, Petitioner has not shown that he needed a copy of his Marsden hearing transcripts to file either his state petitions or the instant federal Petition. Rather, as Petitioner was present at the hearings and knew any events that took place at the hearings, he did not need the transcripts to form

the basis of his collateral attack.[7] See MacCollom, 426 U.S. at 328; United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Surely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings. His decision not to do so does not bespeak due diligence."); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript provided no basis for equitable tolling where petitioner had attended evidentiary hearing and did not need transcript to file habeas petition); Lloyd, 296 F.3d at 633-34 (petitioner not entitled to equitable tolling because he lacked trial transcript where he was present at his trial and knew the factual basis of his claim for prosecutorial misconduct); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to transcript does not preclude petitioner from commencing habeas corpus proceedings and does not warrant equitable tolling); Gassler, 255 F.3d at 495 (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript); see also, e.g., Nunez v. Figueroa, 2013 WL 4008759, at *9 (C.D. Cal. 2013) (lack of access to transcript does not warrant equitable tolling where petitioner does not allege he was absent during the hearing or that he was otherwise unable to rely on his recollection of the hearing to prepare his claim); Machen, 2013 WL 6839497, at *3-*5 (lack of access to Marsden hearing transcripts does not warrant equitable tolling where petitioner was present at the hearing and any events related to his ineffective assistance of counsel claim were thus known to him at the time of the hearing); Dotson, 2011 WL 321003, at *6 (lack of access to transcript does not warrant equitable tolling when petitioner was present at the hearing and did not show that he needed the transcript to file either his state or federal petitions); Kartiganer v. Henderson, 2011 WL 3293389, at *3 n. 3,

---

[7] To the extent Petitioner argues he is entitled to equitable tolling because his appellate counsel did not inform Petitioner of the CSC's denial of his petition for review until October 28, 2011, and did not provide Petitioner's trial transcripts until November 2011 (Opposition at 3), Petitioner's contentions are without merit. The statute of limitations did not start running until October 9, 2012, and Petitioner is not entitled to tolling based on events that took place before then. See, e.g., Kozlowski v. People, 2014 WL 2087062, at *2 (N.D. Cal. 2014).

13

*5 (C.D. Cal. 2011) (alleged failure to receive Marsden hearing transcript at an earlier date did not justify equitable tolling because petitioner was at the hearing and he failed to explain why the transcript was required to file a federal habeas petition on time).

Second, Petitioner claims that he was unable to timely file his Petition due to his placement in administrative segregation where he had limited access to the law library and his legal materials. (Opposition at 2-3; see Decl. at ¶¶ 1-7.) Petitioner seeks equitable tolling from March 28, 2012, when he was placed in administrative segregation, to October 31, 2012, when Petitioner obtained his legal property following his transfer to another facility. (Opposition at 2-3; see Decl. at ¶¶ 1-7.) These allegations are insufficient to warrant equitable tolling.

As an initial matter, the statute of limitations did not start running until October 9, 2012, and Petitioner is not entitled to tolling based on events that took place before then. See, e.g., Kozlowski v. People, 2014 WL 2087062, at *2 (N.D. Cal. 2014). Moreover, placement in administrative segregation alone does not constitute an extraordinary circumstance which would entitle Petitioner to equitable tolling. See, e.g., Ramirez, 571 F.3d at 998 (holding that "[o]rdinary prison limitations," such as administrative segregation, "were neither 'extraordinary' nor made it 'impossible' for [petitioner] to file his petition in a timely manner", and noting that "concluding otherwise would permit the exception to swallow the rule"). Likewise, ordinary prison limitations on library access due to confinement in administrative segregation are insufficient to show "extraordinary circumstances". See id. (ordinary prison limitations on library access due to confinement in administrative segregation insufficient to show "extraordinary circumstances"); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling); Soto v. Lopez, 2014 WL 2142215, at *1 (9th Cir. 2014) (no entitlement to equitable tolling where prisoner alleged he lacked law library access and his legal materials while he was in administrative segregation and during a prison transfer; petitioner had not shown that such "ordinary prison limitations" were "extraordinary circumstance[s] beyond his control preventing him from timely filing his

1 federal habeas petition"); Rhodes v. Kramer, 451 Fed. App'x 697, 698 (9th Cir. 2011)
2 (limited library access and lockdowns did not merit equitable tolling). Moreover, although
3 Petitioner states that he "consistently requested law library access" and "was continuously
4 told that [he] was on a waiting list" (Decl. at ¶ 2), Petitioner fails to demonstrate diligence in
5 pursuing access to alternative means of legal research, such as the law library paging
6 system. (See Opposition, Exhs. C, D, E); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir.
7 2010) (inmate failed to demonstrate diligence in accessing prison law library when inmate
8 "fail[ed] to make any specific allegation what he did to pursue his claims") (internal quotation
9 marks, brackets, and citation omitted); Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006)
10 (to show diligence, petitioner "must provide details of the specific actions taken toward filing
11 the petition"), modified in non-pertinent part, 459 F.3d 1310 (11th Cir. 2006), cert. denied,
12 549 U.S. 1338 (2007)

13 Finally, while a complete lack of access to one's legal files may constitute grounds for
14 equitable tolling, Ramirez, 571 F.3d at 998, Petitioner "bears the burden of showing his own
15 diligence and that the hardship caused by lack of access to his materials was an
16 extraordinary circumstance that caused him to file his petition . . . late." See Waldron-
17 Ramsey, 556 F.3d at 1013. As previously mentioned, Petitioner obtained his trial transcripts
18 in November 2011 (Opposition at 3, id. at Exh. N), approximately four and a half months
19 before he was confined in administrative segregation. While in administrative segregation,
20 moreover, Petitioner obtained a copy of his legal materials, although some pages were
21 missing from the trial transcripts and "may [have] be[en] in [his] cell[mate's] property."
22 (Decl. at ¶ 3, Exh. C; see Opposition at 2.) Petitioner recovered any missing legal materials
23 on October 31, 2012, following his transfer to a new facility. (Decl. at ¶ 7.) Under the
24 circumstances, Petitioner has not shown that lack of access to legal materials made it
25 "impossible" for him to file his federal Petition in a timely fashion. Significantly, Petitioner
26 neither identifies any specific legal document that he needed to draft his federal Petition nor
27 specifies why these legal materials were crucial to stating any of the claims in the Petition.
28 See Waldron-Ramsey, 556 F.3d at 1013-14 (holding that petitioner not entitled to equitable

tolling where he "d[id] not point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed"). In sum, Petitioner has not established a causal connection between his lack of access to legal materials during his placement in administrative segregation and the Petition's untimeliness. See, e.g., Hernandez v. Diaz, 2014 WL 1401861, at *4 (C.D. Cal. 2014) (placement in administrative segregation and lack of access to legal materials does not warrant equitable tolling where petitioner failed to establish a connection between his placement in administrative segregation and his petition's untimeliness).

In any event, even assuming arguendo Petitioner is entitled to equitable tolling due to lack of access to legal materials and the law library from October 9 to October 31, 2012, which is 23 days, the statute of limitations would have expired no later than October 31, 2013 (October 8, 2013 + 23 days), and the Petition would thus still be untimely.

In sum, Petitioner is not entitled to equitable tolling and the Petition is thus untimely; alternatively, equitable tolling does not render the Petition timely.[8]

## **RECOMMENDATION**

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting this Amended Report and Recommendation; (2) granting Respondent's Motion to Dismiss the Petition as untimely; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: May 26, 2015        */s/ John E. McDermott*
                            JOHN E. MCDERMOTT
                            UNITED STATES MAGISTRATE JUDGE

---

[8] Petitioner's reliance on cases and analysis from the procedural default context to argue that the Petition is timely for purposes of AEDPA is misplaced. (See Opposition at 8-9; Supplemental Opposition at 1-7); White, 601 F.3d at 884 (rejecting petitioner's reliance on procedural bar case law as "misplaced" in the context of determining whether petition was properly filed for purposes of AEDPA); see also, e.g., Gonzalez v. Runnels, 2008 WL 80744, at *4 (E.D. Cal. 2008); Moreno v. Ryan, 2014 WL 24151, at *1 (D. Ariz. 2014) (finding that "Martinez[ v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309 (2012)] has no applicability to this action as it does not concern the timeliness of a habeas petition"); Yow v. Thaler, 2012 WL 2795850, at *2 (N.D. Tex. 2012) (same).